**MIDDLEFORK RANCH, INCORPORATED, an Idaho Corporation, Plaintiff,**

**v.**

**Earl BUTZ, Secretary of the Department of Agriculture, United States of America, et al., Defendants.**

**Civ. No. 1–74–211.**

United States District Court, D. Idaho.

May 1, 1975.

T. H. Eberle. and B. Newal Squyres, Jr., Eberle, Berlin, Kading, Turnbow & Gillespie, Chartered, Boise, Idaho, for plaintiff.

Sidney E. Smith, U.S. Atty., D. Idaho, Wilbur T. Nelson, Asst. U.S. Atty., Boise, Idaho, Hubert M. Crean, Dept. of Justice, Washington, D. C., for defendants.

### ORDER GRANTING MOTION TO DISMISS

McNICHOL, Chief Judge.

The plaintiff initiated this action pursuant to 28 U.S.C. § 2409a, seeking to quiet title to certain real property owned by the plaintiff in Valley County, State of Idaho, and to enjoin the defendants, respectively, the United States, the Secretary of Agriculture, the Secretary of Interior, the Chief of the Forest Service,

from asserting any claim or interest in or to the plaintiff's title to that property, and to require the defendants to set forth the nature of the defendants' interest claimed in plaintiff's property.

The defendants have filed their motion to dismiss the complaint on grounds that the complaint fails to state a claim against the defendants upon which relief can be granted, and upon the further ground that the Court lacks jurisdiction over the subject matter of the action. Additionally, the individual defendants have filed a motion to dismiss as against them, on the ground that the action filed, if appropriate, may be brought only as against the United States of America.

The complaint alleges, in substance, that the plaintiff is an Idaho corporation owning approximately 130 acres of real property located along the west bank of the Middlefork of the Salmon River in Valley County, State of Idaho. Prior to October 2, 1968, the plaintiff had subdivided a portion of the property as a real estate development and had sold subdivided lots to third parties. It is alleged, with respect to the remaining unsubdivided property involved in this action that the plaintiff had planned to continue to further develop and subdivide the property, and to use the property in connection with the already subdivided lots previously sold.

It is further alleged that on October 2, 1968, Congress enacted Public Law 90–542, 82 Stat. 906, the Wild and Scenic Rivers Act, codified as 16 U.S.C. § 1271 et seq., which designated the Middlefork of the Salmon River, in its entirety, and the land adjacent thereto, as a component of the national wild and scenic rivers system. The complaint further alleges those provisions of the Wild and Scenic Rivers Act authorizing the Secretary of Agriculture and the Secretary of the Interior to acquire interest in real property adjacent to the rivers so designated as components of the wild and scenic rivers system, and by acquisition of such interests in real property, to regulate the manner in which such adjacent lands might be used by private individuals or corporations owning the property.

The complaint then alleges various publications in the Federal Register by the Chief of the Forest Service setting forth a Classification, Boundaries, and Development Plan for the Middle Fork of the Salmon River, together with general objectives regarding the regulations where private lands within the area which regulatory objectives may generally be summarized as allowing no new habitations or substantially increased capacity of existing habitations, the permission of new structures essential for continuance of existing uses, so long as the same are in harmony with the environment, and to encourage the alteration of existing improvements that presently do not harmonize with the environment. The complaint further alleges, within the Classification, Boundaries, and Development Plan for the Middle Fork of the Salmon River, the existence of statements to the effect that commercial timber harvesting is considered to be inconsistent with the wild and scenic river concept, and that aircraft landing fields considered nonessential or undesirable for administrative or visitor needs may eventually need to be phased out. The complaint alleges that, since a small sawmill exists on the plaintiff's property and an existing air strip for small aircraft is also located on the property, these statements contained within the Classification, Boundaries, and Development Plan constitute a cloud on plaintiff's title to the property.

The complaint goes on to allege the institution of proceedings in eminent domain by the United States to acquire scenic easements over a number of the subdivided lots adjacent or near to plaintiff's present holdings, and alleges that the institution and filing of these condemnation proceedings constitute a cloud on the title of the remainder of plaintiff's property not involved in the condemnation proceedings.

In substance, the complaint alleges that the totality of actions by the United States and the United States Forest Service, in designating the Middle Fork of the Salmon River as a wild and scenic river, as designating the plaintiff's lands to be adjacent lands within the wild river area, in promulgating objectives and management philosophies with regard to present and future development use of the plaintiff's land as inconsistent with the management of the Middle Fork as a wild and scenic river, and in instituting proceedings in eminent domain to acquire scenic easements over certain of the subdivided lots adjacent to the remaining portion of plaintiff's land, constitute a cloud upon the plaintiff's title to that portion of the real property which as yet has not been subdivided or further improved, has not been the subject of eminent domain proceedings, and which presently contains structures or improvements potentially inconsistent with the wild and scenic river concept. The complaint alleges that the actions of the United States and the United States Forest Service prevent the plaintiff from making further improvements with respect to the real property and has discouraged and effectually made it impossible for the plaintiff to proceed with development and sale to others of all or portions of the property.

The plaintiff concludes, accordingly, that the acts of the defendants constitute a present assertion of an interest in plaintiff's land and constitutes a "cloud upon the title" to the property. The plaintiff therefore asserts that on these facts a claim for relief is properly alleged under the authority granted by 28 U.S.C. § 2409a, which authorizes the naming of the United States as a party defendant in a civil action to adjudicate a disputed title to real property in which the United States claims an interest.

The plaintiff affirmatively alleges, in an amended complaint, that the nature of the estates sought to be condemned in these proceedings is not authorized by the Wild and Scenic Rivers Act, 82 Stat. 906, 16 U.S.C. § 1271 et seq. The complaint does not allege, however, that the defendants are presently in possession of the plaintiff's lands, have asserted a possessory interest in those lands, or have claimed a title adverse or superior to the plaintiff's title.

The Court, having reviewed the complaint and amended complaint, and having considered the briefs filed by the parties in support of their respective positions, and oral argument having been heard, the Court finds and concludes that both the initial complaint and the amended complaint fail to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 2409a.

The Court further concludes, on the basis of the record and statements of counsel, that there is no reasonable probability that the complaints on file could be further amended to state a claim cognizable under the statute.

It is therefore ordered that the motion of the defendants to dismiss the complaint and amended complaint on file herein for failure to state a claim upon which relief can be granted be, and the same hereby is, granted, with prejudice.